**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Mary Simpson, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| | : |
| v. | : |
| | : |
| Torres Credit Services, Inc.; and DOES 1-10, | : **COMPLAINT** |
| inclusive, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

For this Complaint, the Plaintiff, Mary Simpson, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Mary Simpson ("Plaintiff"), is an adult individual residing in Chicago, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Torres Credit Services, Inc. ("Torres"), is a Pennsylvania business entity with an address of 27 Fairview Street, Suite 103, Carlisle, Pennsylvania 17013 operating

as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Torres and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Torres at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Torres for collection, or Torres was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Torres Engages in Harassment and Abusive Tactics

## FACTS

12.     Within the last year, Torres contacted Plaintiff in an attempt to collect the Debt.

13.     Torres placed calls to Plaintiff's cellular phone at the excessive rate of up to three calls per day.

14.     During a conversation with Torres, the Collector was extremely rude to Plaintiff and screamed "We will keep calling and we don't care if you report us, pay up pay up or we will keep harassing you". The Collector screamed so loudly that Plaintiff had to hold the phone away

2

from her ear.

15.     Furthermore, Torres failed to send Plaintiff a thirty-day validation letter within five days after the initial communication.

**C.  Plaintiff Suffered Actual Damages**

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

18.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt

20.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

23.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
## 225 ILCS 425/1, *et seq.*

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

26.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

27.     Torres Credit Services, Inc., in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

28.     The Defendants' conduct violated 225 ILCS 425/9(a)(15)(D) in that Defendants caused a telephone to ring or engaged the Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

29.     The Defendants' conduct violated 225 ILCS 425/9(a)(16) in that Defendants used profane, obscene or abusive language in communicating with the Plaintiff, his or her family or others.

30.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

32.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

33.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34.     Illinois further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Illinois state law.

35.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

36.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

37.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

39.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.     Against the named the Defendants, jointly and severally, awarding the Plaintiff

5

actual damages;

2.  Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3.  Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

4.  Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5.  Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 15, 2014

Respectfully submitted,

By   /s/ Sergei Lemberg                

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff